**VIRGINIA:**

## IN THE PULASKI COUNTY CIRCUIT COURT

| | |
|---|---|
| **KRISTEN A. WHITE,** | )    **JURY TRIAL DEMANDED** |
|     **Plaintiff,** | ) |
| v. | )    Case No. CL_____ |
| **FLAGSHIP FACILITY SERVICES, INC.,** | ) |
|     **Defendant.** | ) |

### COMPLAINT

COMES NOW Plaintiff, by counsel, and files this her Complaint against the Defendant.

1. Plaintiff is a citizen of Virginia.

2. Defendant is a business entity. Plaintiff does not know Defendant's citizenship.

3. The incident giving rise to this matter occurred in Pulaski County, Virginia.

4. On or about September 23, 2021, Defendant provided janitorial services to a manufacturing facility located in Pulaski County.

5. On or about September 23, 2021, Plaintiff worked at that same manufacturing facility.

6. Venue is appropriate in this Court pursuant to Virginia Code § 8.01-262 subpart (4).

7. On or about September 23, 2021, Flagship acted through its employees, agents and servants.

8. On or about September 23, 2021, Ms. White was at work.

9. As Ms. White left the facility, she entered and began to walk through the employee locker room.

10. Prior to Ms. White walking through the locker room, an employee, agent or servant of Flagship mopped and generally attempted to clean it which generally created a slippery and hazardous condition.

11. After cleaning and mopping the locker room, the Flagship employee failed to put up sufficient signage or other warnings that the locker room floor was wet and had recently been cleaned.

12. At the time Ms. White approached the locker room and began to walk through it, there were no signs visible to her indicating that the floor was wet and had recently been cleaned.

13. Ms. White slipped and fell immediately upon entering into the locker room.

14. When Ms. White got up, she noticed that her legs were wet and had a clear, sticky substance on them.

15. This substance came from the locker room floor and was left behind when the Defendant mopped and cleaned the locker room floor.

16. The wet floor and slick conditions were not open and obvious to Ms. White at the time she entered and attempted to walk through the locker room.

17. The condition of the floor resulted from the Defendant's actions. Put another way, the Defendant created a hazardous condition on the floor and failed to warn of it.

18. The condition was so hazardous that persons other than Ms. White slipped and fell, too.

19. Ms. White suffered injuries and damages as a result of her fall.

20. The Defendant and its employees, agents and servants owed duties to Ms. White including, but not limited to, the following:

   a. The duty to use reasonable care in cleaning and mopping the locker room floor;
   b. The duty to warn Ms. White, and others, that the locker room floor had been mopped and remained wet;
   c. The duty not to create an unsafe condition;
   d. The duty to warn Ms. White, and others, of any potential unsafe conditions; and
   e. The duty to act in a reasonable manner in regard to cleaning and mopping the locker room floor.

21. The Defendant and its employees, agents and servants breached these duties in at least the following respects:

   a. They failed to use reasonable care in cleaning and mopping the locker room floor;
   b. They failed to warn Ms. White, and others, that the locker room floor had been mopped and remained wet;
   c. They created an unsafe condition;
   d. The failed to warn Ms. White, and others, of any potential unsafe conditions; and
   e. They failed to act in a reasonable manner in regard to cleaning and mopping the locker room floor.

22. The Defendant's negligence proximately caused Ms. White's fall and her resulting injuries.

23. As a proximate result of the Defendant's negligence, Ms. White suffered and continues to suffer from bodily injuries, physical pain, mental anguish, humiliation, embarrassment and inconvenience. Ms. White also incurred medical expenses, lost wages and lessening of earning capacity.

24. Ms. White requests that she be fully and fairly compensated for the damages sustained as a result of the Defendant's negligence.

25. Ms. White requests a trial by jury.

WHEREFORE, Plaintiff moves this Court for judgment against the Defendant in the amount of THREE MILLION DOLLARS ($3,000,000.00), plus her taxable costs, with interest on these amounts from September 23, 2021, to the present.

KRISTEN A. WHITE,

_____
Of Counsel

Benjamin D. Byrd (VSB No. 76560)
Devon J. Munro (VSB No. 47833)
Munro Byrd, P.C.
120 Day Avenue
First Floor
Roanoke, VA 24016
(540) 283-9343
Fax: (540) 328-9290
byrd@trialsva.com
munro@trialsva.com

Counsel for Kristen A. White